1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LARRY DEAN RIGGS,

        Plaintiff,

v.

RECONTRUCT COMPANY, et al.,

        Defendants.

2:09-CV-1821 JCM (PAL)

**ORDER**

Presently before the court is the case of *Riggs v. Recontrust Company et al.*, (2:09-cv-01821-JCM-PAL).

On October 19, 2009, the court granted, without prejudice, defendants' Bank of America and Countrywide Home Loans, Inc. (hereinafter "Countrywide") motion to dismiss (doc. #5). (Doc. #16). Plaintiff subsequently failed to pursue his claims against the remaining defendants, Stacy A. O'Neal, Rachel K. Wagema, and Angelo R. Mozilo. On July 27, 2010, the clerk of the court informed plaintiff that if no action was taken within thirty (30) days, the court would dismiss the case for want of prosecution pursuant to Local Rule 41-1. (Doc. #17).

On August 23, 2010, plaintiff filed a 125 page "response" to the notice of dismissal, which included 136 pages of attachments, purporting to reinstate claims against defendants Bank of America and Countrywide. (Doc. #18). The court finds that plaintiff has taken sufficient action through this response to pursue his claims. However, for his failure to comply with the pleading requirements in the Federal Rules, the case must be dismissed, albeit without prejudice.

1    **I.      Federal Rule of Civil Procedure 8**

2          Under Federal Rule of Civil Procedure 8, the plaintiff must submit a "short and plain

3    statement of the claim showing that the pleader is entitled to relief."  While excessive length alone

4    is not grounds for dismissal, a complaint violates Rule 8 if it is so "verbose, confused and redundant

5    that its true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dept.*, 530 F.3d

6    1124, 1127 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.

7    1969)); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.1965).  A complaint must clearly and

8    concisely state which defendants are liable for which wrongs based on which facts.  *McHenry v.*

9    *Renne*, 84 F.3d 1172, 1178 (9th Cir.1996).  Moreover, the complaint should not contain irrelevant

10   or only slightly relevant material.  *Id.*; *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 675

11   (9th Cir.1981).  It is the plaintiff's duty to ensure his complaint is coherent, logical, and well-

12   organized.  *Hearns*, 537 F.3d at 1127.

13         As noted above, plaintiff's response to the notice of dismissal pursuant to Local Rule 41-1

14   is composed of over 200 pages of material. Because the "response" purports to reinstate a complaint

15   against Bank of America and Countrywide, it must comply with Rule 8. Although its length alone

16   is not sufficient to dismiss plaintiff's claims, plaintiff also fails to clearly, cleanly, or concisely tie

17   his legal claims to the facts.  Instead, plaintiff has cut-and-pasted excerpts from legal documents,

18   occasionally offering facts but never putting those facts in context. Thus, the court is unable to

19   discern which defendants are liable for which wrongs as is required by Rule 8.

20   **II.     Federal Rule of Civil Procedure 41**

21         Federal Rule of Civil Procedure 41 allows a court to dismiss a complaint with prejudice if

22   the complaint fails to comply with the Federal Rules.  However, a court should not dismiss with

23   prejudice under Rule 41 before considering less drastic alternatives. *McHenry v. Renne*, 84 F.3d

24   1172, 1178 (9th Cir. 1996).

25         Here, plaintiff has failed to comply with Rule 8, and the case may be dismissed without

26   prejudice under Rule 41. If the plaintiff chooses to pursue the case, he should revise his complaint

27   to: (1) succinctly state the facts, linking them to specific defendants and legal theories, and (2)

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   exclude information that is unnecessary to prove his case. If plaintiff fails to meet the requirements

2   of Rule 8, this court may then consider dismissal with prejudice under Rule 41. *McHenry*, 84 F.3d

3   at 1130.

4          Accordingly,

5          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case of *Riggs v.*

6   *Recontrust Company et al.* (2:09-cv-01821-JCM-PAL) be, and the same hereby is, DISMISSED

7   without prejudice.

8          DATED this 15th day of September, 2010.

9

10   _____
     **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -