# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LARRY DEAN RIGGS,

    Plaintiff,

v.

RECONTRUCT COMPANY, et al.,

    Defendants.

2:09-CV-1821 JCM (PAL)

## ORDER

Presently before the court is defendants Countrywide Home Loans, Inc.'s and Bank of America, N.A.'s motion to strike plaintiff's amended complaint. (Doc. #27). In conjunction with this motion, the defendants have also filed a request to expunge lis pendens. (Doc. #28). To date, the plaintiff has failed to respond to either motion.

Also before the court are plaintiff's motion for a preliminary injunction (doc. #22) and plaintiff's motion to compel defendant to produce and comply with plaintiff's demands. (Doc. #23). To date, the defendants have failed to respond to either motion.

On September 15, 2010, this court dismissed the present action without prejudice under Rule 41 of the Federal Rules of Civil Procedure for failure of the plaintiff to comply with the pleading requirements in Rule 8. (Doc. #19). In that same order, the court admonished the plaintiff that if he chose to pursue the case, he should revise his complaint to: (1) succinctly state the facts, linking them to specific defendants and legal theories, and (2) exclude information that is unnecessary to prove his case. The court warned that if "plaintiff fails to meet the requirements of Rule 8, this court may then consider dismissal with prejudice under Rule 41. *McHenry*, 84 F.3d at 1130." (*Id.*).

**James C. Mahan**
**U.S. District Judge**

1   In the motion to strike, defendants argue that plaintiff's amended complaint should now be dismissed with prejudice under Rule 41 for repeated and continued non-compliance with Federal Rule of Civil Procedure 8. The court agrees with this assessment.

Under Federal Rule of Civil Procedure 8, the plaintiff must submit a "short and plain statement of the claim showing that the pleader is entitled to relief." While excessive length alone is not grounds for dismissal, a complaint violates Rule 8 if it is so "verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1127 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.1965). A complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996). Moreover, the complaint should not contain irrelevant or only slightly relevant material. *Id.*; *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 675 (9th Cir.1981). It is the plaintiff's duty to ensure his complaint is coherent, logical, and well-organized. *Hearns*, 537 F.3d at 1127.

Plaintiff has filed a 90-page amended complaint without leave of the court. Again, plaintiff fails to clearly, cleanly, or concisely tie his legal claims to the facts. Again, plaintiff has cut-and-pasted excerpts from legal documents, occasionally offering facts but never putting those facts in context. And again, the court is unable to discern which defendants are liable for which wrongs as is required by Rule 8.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to strike plaintiff's amended complaint (doc. #27) is GRANTED. The case is hereby dismissed with prejudice.

IT IS FURTHER ORDERED that defendants' motion to expunge lis pendens (doc. #28) is also GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (doc. #22) is DENIED.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that plaintiff's motion to compel defendant to produce and
2 comply with plaintiff's demands (doc. #23) is DENIED as moot.
3    DATED this 13th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -